UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**EUGENE HAMB,**

    Plaintiff,

v.                                              Case No: 5:11-cv-550-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    Defendant.

## ORDER

This case is before the Court for consideration of Counsel's Unopposed Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). (Doc. 28). Counsel requests $25,461.25 in attorney's fees, minus the $3,050.27 Equal Access to Justice Act ("EAJA") fee previously awarded, for a net attorney fee award of $22,410.98.

On October 17, 2012, the Court entered an order pursuant to sentence four of 42 U.S.C. § 405(g) reversing and remanding the case to the Social Security Administration for further proceedings. (Doc. 23). Judgment was entered accordingly. (Doc. 24). Subsequently, the Court entered an order awarding attorney's fees to Plaintiff under the EAJA in the sum of $3,050.27. (Doc. 27).

Thereafter, the Appeals Council remanded the case for further administrative proceedings before Administrative Judge Walker, who entered an unfavorable decision. (Doc. 28, p. 3). Based upon Plaintiff's counsel's exceptions to that decision, the Appeals Council remanded the case back to the Office of Disability Adjudication and Review, and the claim was reassigned to Administrative Law Judge Joseph A. Rose. Ultimately, ALJ Rose entered a fully favorable

- 2 -

decision on June 17, 2015 awarding Plaintiff benefits dating from 2008. (Ex. B to Doc. 28). The total amount withheld for attorney's fees was $25,461.25 (25% of past due benefits which totaled $101,845.00). (Ex. C to Doc. 28).

In support of the motion, counsel has provided Plaintiff's affidavit stating that he supports the motion for attorney's fees in the amount requested, and that he acknowledges the contingency fee agreement for 25% of past due benefits. (Doc. 30). Counsel also states that the Commissioner is not opposed to the requested fees under 42 U.S.C. § 406(b). Counsel acknowledges that he must refund Plaintiff the previously awarded EAJA fee award of $3,050.27, because it is the smaller of the two awards. *See* Public Law 99-80, §3, 99 Stat. 183, 186 (1985).

Under 42 U.S.C. § 406(b)(1), an attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." 42 U.S.C. Sec 406(b)(1). As required by *Gisbrecht v. Barnhardt,* 535 U.S. 789, 808 (2002) - the Supreme Court's pronouncement concerning the award of 406(b) fees - courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. "A contingent-fee agreement is not per se reasonable. Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment." *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D. N.Y. 2005). As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent

- 3 -

clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805. In making this reasonableness determination, the Supreme Court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* at 808.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel – i.e., that counsel is receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. The Court notes that this has been a protracted and complicated case, involving lengthy administrative proceedings and numerous remands. Further, the Commissioner does not oppose the attorney fee award requested by Plaintiff.

Accordingly, for these reasons, the Motion (Doc. 28) for Attorneys' Fees Under 42 U.S.C. § 406(b) is **GRANTED**. Section 406(b)(1) fees are approved for Plaintiff's counsel, N. Albert Bacharach, Jr., Esquire, in the sum of $25,461.25 to be paid out of the Plaintiff's past due benefits currently being withheld by the Social Security Administration. Out of that amount, counsel for Plaintiff is directed to return to Plaintiff the sum of $3,050.27, representing the EAJA fees that previously were awarded to counsel by this Court. Accordingly, the total net attorney fee award to be retained by Plaintiff's counsel is $22,410.98.

**DONE** and **ORDERED** in Ocala, Florida on October 28, 2015.

- 4 -

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties